# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA M. ADAMS, on behalf of E.H.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN,[1] Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-12-817-HE |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Maria M. Adams (Plaintiff) seeks judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying her claim for supplemental security income (SSI) payments on behalf of her minor child, EHA, under the Social Security Act. The matter is before the undersigned Magistrate Judge on referral by United States District Judge Joe Heaton for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3). Having carefully reviewed the administrative record (AR) in conjunction with the arguments and authorities of both parties, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

proceedings.

## I. Administrative proceedings.

Plaintiff initiated her claim in March 2010, alleging that EHA had been disabled since his birth on October 19, 1999, due to kidney failure, the removal of one kidney, a heart condition, asthma, Attention Deficit Hyperactivity Disorder (ADHD), and high blood pressure. AR 121-28, 143. The Social Security Administration (SSA) denied the claim initially and, at Plaintiff's request, an Administrative Law Judge ("ALJ") conducted a June 2011 hearing where both Plaintiff and EHA testified. *Id.* at 35-57, 76. In his July 2011 hearing decision, the ALJ found that while EHA was severely impaired by chronic renal failure and Attention Deficit Disorder (ADD) and/or ADHD, the impairments did not meet or equal a listed impairment – medically or functionally – and, consequently, determined the child was not disabled within the meaning of the Social Security Act. *Id.* at 16-29. The Appeals Council of the Social Security Administration declined Plaintiff's request for review, specifically noting that on a subsequent application, EHA was found to be under a disability as of July 19, 2011. *Id.* at 1-5. Plaintiff then sought review of the Commissioner's final decision in this court. Doc. 1.

## II. Determination of disability for children.

### A. Statutory basis.

The Social Security Act provides that "[a]n individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

### B. Regulatory framework and three-step sequential process.

#### 1. Steps one and two.

The SSA Commissioner applies a three-step sequential inquiry to determine whether an individual under the age of 18 is disabled. *See* 20 C.F.R. § 416.924(a). At the first step, it is determined whether the child is engaged in substantial gainful activity. *Id.* § 416.924(b). If not, the inquiry continues to the second step for consideration of whether the child has a severe medically determinable impairment(s). *Id.* § 416.924(c).

#### 2. Step three.

If a child has a medically determinable impairment, the question at the third step is whether such impairment meets, medically equals, or functionally equals a listed impairment. *Id.* § 416.924(d). A finding that a child is not

disabled is made if the impairment does not meet the twelve-month duration requirement or if the impairment does not meet, medically equal, or functionally equal the listings. *Id.* § 416.924(d)(2).

### a. Medically meeting or equaling an impairment.

A child's impairment "causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings . . . ."[2] *Id.* § 416.924(d).

### b. Functionally equaling an impairment.

A child's impairment functionally equals an impairment if the impairment(s) is "of listing-level severity . . . *i.e.*, it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain . . . ." *Id.* § 416.926a(a), (d).

#### i. The six domains.

The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. *Id.* § 416.926a(b)(1).

#### ii. Marked and extreme limitations.

A child has a "marked" limitation in a domain if an impairment seriously

---

[2] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.

interferes with the child's "ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2). A marked limitation may also be found if the child has a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on the comprehensive standardized test designed to measure a particular domain, although the Commissioner will not rely solely on the test results. *Id.* §§ 416.924a(a)(1)(ii), 416.926a(e)(2).

If the interference is "very serious[]," the limitation is considered "extreme." *Id.* § 416.926a(e)(3).

In assessing whether a child has "marked" or "extreme" limitations, the ALJ considers the functional limitations from all medically determinable impairments, including any impairments that are not severe. *Id.* § 416.926a(a). The ALJ must consider the interactive and cumulative effects of the child's impairment or multiple impairments in any affected domain. *Id.* § 416.926a(c). The ALJ is required to compare how appropriately, effectively and independently the child performs activities compared to the performance of other children of the same age who do not have impairments. *Id.* § 416.924a(b).

## III. Analysis.

### A. Standard of review.

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by

substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id*.

### B. Plaintiff's claims of error.

Plaintiff contends the ALJ committed reversible error by ignoring an opinion of the consultative examining psychologist and by failing to make a proper credibility assessment. She further claims that the Appeals Council failed to properly weigh a medical opinion and that the ALJ's findings were not supported by substantial evidence in light of that medical opinion and other medical evidence submitted to the Appeals Council. Doc. 14.

The undersigned recommends remand of this matter because the ALJ wholly failed to assess Plaintiff's or EHA's credibility. Because the ALJ's findings on credibility could impact consideration of the opinion evidence, this

report does not address the issues surrounding that evidence.[3]  On remand for additional fact-finding, the ALJ will have the opportunity to consider all of the evidence now of record.

**C.     The ALJ's findings.**

The ALJ determined that EHA had a marked limitation in the domain of health and physical well-being as a result of his chronic renal failure.  AR 28.  Because he found no limitation or less than a marked limitation in the other five domains – and, thus, that EHA had neither marked limitations in two domains of functioning nor extreme limitation in one domain – the ALJ concluded EHA had not been disabled since March 9, 2010, the date the application for SSI payments was filed.  *Id.* at 23-28.

**D.     Plaintiff's credibility.**

Under Tenth Circuit law, "[i]f the child claimant is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition [and] must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).  Here,

---

[3]     *See Watkins v. Barnhart*, 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

7

while the ALJ stated that he had considered EHA's symptoms and described the requirements for making a credibility finding, AR 20, the ALJ, as the Commissioner concedes, "did not make an express credibility finding . . . ." Doc. 15, at 6. Nonetheless, according to the Commissioner, despite this failure by the ALJ, "his decision shows that he performed a proper credibility analysis and found that Plaintiff's allegations that [EHA]'s impairments were disabling were not entirely credible." *Id.* In addition, the Commissioner argues that "[b]ecause the ALJ's decision shows that he found the statements regarding the severity of [EHA]'s limitations were not credible, the fact that the ALJ did not specifically state a credibility finding is merely harmless error." *Id.* at 9.

The following example illustrates the flaw in the Commissioner's arguments. When asked at the administrative hearing about EHA's ADHD symptoms, Plaintiff testified that he bounced off walls, could not sit still, could not finish tasks, and would start one project and move on to another. AR 55. Plaintiff further testified that EHA was unable to sit still at school and that the school personnel handled it by redirecting him to an activity. *Id.* at 56.

Plaintiff's testimony implicates the domain of attending and completing tasks, the domain that "considers how well a child is able to focus and maintain attention, and how well he is able to begin, carry through, and finish activities . . . ." *Id.* at 24. The ALJ found that EHA had less than a marked limitation in

this domain, noting that he "keeps busy on his own, works on arts and crafts, completes homework, and completes chores most of the time." *Id.* at 25.

In making this determination, the ALJ made no mention of Plaintiff's testimony. And, contrary to the Commissioner's argument, the fact the ALJ noted that EHA ultimately completed his homework and that he completed his chores "most" of the time, *id.*, does not suffice as a "proper credibility analysis," Doc. 15, at 6, in light of Plaintiff's explanation that the school allows EHA to make up his homework, AR 56, and that, in caring for his pets, "there're times he'll feed them, and times he won't." *Id.* at 53. The ALJ, who found that EAH's ADHD was a severe impairment, *id.* at 19, never explained why he did not find Plaintiff's testimony about the severity of her child's ADHD symptoms to be credible, and his failure to do so is error. *Briggs,* 248 F.3d at 1239. And, because the ALJ found a marked limitation in one domain, this error in connection with a second domain is not harmless. *See* 20 C.F.R. § 416.926a(a), (d) (A child's impairment functionally equals an impairment if the impairment(s) is "of listing-level severity . . . *i.e.*, it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain . . . .").

E.  **Plaintiff's request for an immediate award of benefits.**

As a result of the ALJ's complete failure to consider and assess the credibility of both Plaintiff and of EAH, the undersigned recommends that this

9

matter be remanded for further fact-finding. Contrary to Plaintiff's argument, Doc. 14, at 28-29, the medical opinion upon which she relies in requesting an immediate award of benefits does not obviate the need for additional fact-finding – the author clearly hedged her various findings of domain limitations by stating that such evaluations were not within her "field of expertise." AR 119. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (remand is proper where additional fact-finding would serve a "useful purpose").

## IV. Recommendation and notice of right to object.

For these reasons, the undersigned recommends the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by August 15, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 26th day of July, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE